Beady, J.
— This action was commenced for the dissolution of a copartnership and an accounting, and the summons *345 served on the 13th of January, 1883. On the twenty-seventh dav of January following, an order was obtained, ex parte, appointing the defendant temporary receiver of the partnership effects and granting an injunction restraining the plaintiff and his attorney, among other things, from interfering with such effects, and requiring the attorney to show cause on January thirtieth why he should not disclose to the attorney for the defendant the then present residence or abode of the plaintiff, the object of which undoubtedly was to enable him to serve a copy of the injunction. The motion was finally argued, and the injunction and the appointment of the receiver made permanent. In that proceeding the plaintiff’s attorney made an affidavit in which, among other things, he stated as follows:
“ I further aver that the plaintiff’s residence was formerly Ho. 140 East Fifty-eighth street, this city, but I am informed that his residence is now at 31J East Seventy-ninth street, this city, and I am further informed that these facts are well known to the defendant.”
The special term, also, in the order confirming the appointment of the defendant as receiver and containing the injunction, made a reference to Abram Effing, esq., to take proof of the whereabouts of the plaintiff, the statement of his attorney as to his residence not being satisfactory, and some dispute as to the attorney’s statement having arisen and being urged. The order of reference is not before us on this appeal, but, according to the report of the referee, it was quite comprehensive, because it provided that he should take proof of the then present residence or abode of the plaintiff and as to his whereabouts, and also testimony as to the transactions between the plaintiff and his attorney and between the plaintiff and any other person, with the view of ascertaining the fact as to where the plaintiff could be found, and also to examine such witnesses as might be produced before him in respect to other facts contained in the affidavits used on the motion, which resulted in the order of reference.
*346 The testimony taken by the referee is very voluminous, extending to 245 pages and upwards. The plaintiff was represented by Hamilton Odell, esq., and the attorney appeared on his own behalf. The referee found that the defendant had sought with the greatest diligence to ascertain the whereabouts of the plaintiff, and in every way known to him tried to discover where he could be found; that he was last seen in. the city of New York on or about the 25th of January, 1883, at the corner of Fifth avenue and Forty-sixth street, in front of the residence of and in company with his attorney, from which place he proceeded to the “Windsor” or “Taylor’s” hotel, in Jersey City (the hotel being known by both names at different periods), where he registered under the name of Bennett, and which place he left on the twenty-sixth of January, the day following. The referee further reported that he was unable, from the evidence furnished .him, to report as to where he went,or his then present whereabouts.
An examination of the testimony shows that it was not strictly confined to the chief question which was designed to be the subject of investigation — namely, the then present residence or whereabouts of, the plaintiff — but at the same time it cannot be said that the referee was not justified in taking a great deal of the evidence which was given under that portion of the order already mentioned which authorized him to examine the witnesses produced before him in reference to such other facts as were contained in the affidavits on the motion which resulted in the order of reference.
The statement in the affidavit of the attorney, as to the whereabouts of the plaintiff, was disingenuous. It was, as we have already seen, that the plaintiff’s residence was at 317 East Seventy-ninth street in this city, when he knew,' as he himself admitted during the investigation before the referee, that his client had gone to Jersey City, and was staying at a hotel there, and under an assumed name. It may be true that at the time of his client’s departure he did not know in what direction he went, and it may be true, also, that at the *347 time of his examination he did not know to what place his client had gone or where he was staying; but the relations existing between the two, and the proceedings between them, render this exceedingly improbable and certainly justify the conclusion that the attorney did not respond to the application made in reference to the whereabouts of the plaintiff as he should have done and as he was bound to do as an officer of the court.
It cannot be questioned that the service of the injunction upon the plaintiff was very important to the protection of the defendant’s interests, and it was just as much his duty to aid in the administration of justice in that respect as it was to protect his client’s interests. As an officer of the court he was bound to deal with it in all respects without reserve, and to obey its orders implicitly unless appealed from and reversed on appeal. If he had stated in his affidavit that his client had resided and he believed continued to reside at the place named in this city, but had been sojourning in Jersey City under an assumed name, and that he had parted from him on the twenty-fifth of January, and then stated what he believed as to his intentions, his conduct would have appeared upon the record in reference to the subject unimpeachable. He suppressed, however, these important facts, and it would seem with the intention of screening his client. In his zeal he may have supposed that this was his duty professionally, but it was a great mistake if he entertained any such view, and the result is the imposition of costs upon himself and his client in the proceeding which a candid and honorable revelation would not only have avoided but which would have redounded to his credit as an officer of the court.
H it be necessary to teach the lesson that a member of the bar belongs to a high and honorable profession, and in the manner in which that" instruction has been conveyed by the result of this proceeding, it must be done. The court has power to impose the payment of costs, and it is impossible for us to say, with any justice to the learned judge who made *348 the order in that respect, that the discretion vested in him was in the slightest degree abused. On the contrary, we think he was quite justified in making the order, notwithstanding that it must be admitted some of the evidence taken would seem unnecessary upon the main subject which the reference was intended to investigate.
Under these circumstances, there is nothing left for us but to affirm the order.
Ordered accordingly.
Davis, P. J., and Daniels, J., concurred.